**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Fernando GONZALEZ–NOYOLA, aka Fernando Gonzalez–Loyola, aka Fernando Noyola Gonzales, Defendant—Appellant.**

No. 03–50599.

United States Court of Appeals, Ninth Circuit.

Submitted June 6, 2006.*

Filed July 27, 2006.

Becky S. Walker, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, Terri K. Flynn, Esq., Office of

the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

James H. Locklin, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: D.W. NELSON, RAWLINSON, and BEA, Circuit Judges.

MEMORANDUM **

Appellant Fernando Gonzalez–Noyola appeals his conviction and one-hundred month sentence for being an illegal alien found in the United States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we remand pursuant to *United States v. Ameline,* 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc).

Gonzalez–Noyola claims the district court erred by declining to offer an entrapment-by-estoppel jury instruction. However, he did not adduce any evidence from which a reasonable trier of fact could conclude that the Border Patrol agents who purportedly dropped him off in San Diego, instead of executing his warrant of deportation, were authorized government officials empowered to advise him whether he could stay in this country legally. *See United States v. Brebner,* 951 F.2d 1017, 1027 (9th Cir.1991). Therefore, the record of evidence could not rationally support an essential element of the entrapment-by-estoppel defense; the district court cor-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

rectly declined to offer an instruction regarding such defense. *See id.* at 1024.

We order a limited *Ameline* remand because Gonzalez–Noyola was sentenced under the mandatory Guidelines regime and "it is not possible to reliably determine from the record whether the sentence imposed would have been materially different had the district court known the Guidelines were advisory." *See Ameline,* 409 F.3d at 1084–85.

Conviction AFFIRMED. Sentence REMANDED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.